## IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS
### EASTERN DISTRICT/ CIVIL DIVISION

**CITY OF BERRYVILLE, ARKANSAS,**
**A Municipal Corporation**



PLAINTIFF

FILED
Ramona Wilson

JUN 1 7 2008

CIRCUIT CLERK
EASTERN DISTRICT
CARROLL COUNTY

**VS.**                   **NO. CV 2008- 120**

**LATTER DAY SAINTS**
**c/o LDS CHURCH TAX ADM**

DEFENDANT

## COMPLAINT AT LAW

Comes now the plaintiff, City of Berryville, Arkansas, a municipal corporation (the "City"), and for its cause of action against the lands described herein and against the above named defendants, states and alleges as follows:

1.     That City is a municipal corporation duly organized under the laws of the State of Arkansas, and is a City of the First Class situated in the Eastern District of Carroll County, Arkansas.

2.     By virtue of the provisions of Ark. Code Ann. §18-15-201, et.seq., the City is authorized to acquire by eminent domain rights-of-way, easements, and interest in fee simple title to real property for public boulevards, streets, roads, highways, or other lawful purposes.

3.     That as part of the "West Freeman Street project", all within the corporate limits of the City, to meet the needs of the public; and in order for the City to provide safe and adequate roadways, sidewalks, storm sewers, curbs and gutters sufficient to meet growth and increasing traffic and utilities, the City is commencing the construction and improvements of the "West Freeman Street project". The Defendant is the owner of real property being described in



EXHIBIT
A

Exhibit "A" which is attached hereto and made a part hereof and incorporated by reference.

4.    That defendant Latter Day Saints, has an interest in the real property described in Exhibit "A" by holding a warranty deed on said property as recorded in the Carroll County Land Records Book No. 126, Pages 144-145 filed on March 1, 1988.

5.    A permanent easement across the property is required by the City and has been authorized for condemnation by the City Council by the City, City Resolution No. 887, and it is necessary that said easement be condemned by Order of this Court, and a permanent easement be granted and vested in the City.  This "PERMANENT RIGHT-OF-WAY DESCRIPTION" is contained in Exhibit "A" which is attached hereto and made a part hereof and incorporated by reference.

6.    The City requires temporary construction easements across the property for the "West Freeman Street project", and it is necessary that said temporary construction easements be condemned by Order of this Court until the completion of the project.  The "TEMPORARY CONSTRUCTION EASEMENT DESCRIPTIONS" are contained in Exhibit "A" which is attached hereto and made a part hereof and incorporated by reference.

7.    By virtue of the provisions of Ark. Code. Ann. §18-15-303, et. seq., the City is hereby providing an advanced deposit of money into the registry of this Court for the purpose of making just compensation when the amount thereof has been assessed, and petitions for an immediate right of entry and possession in real property prior to the assessment of damages, since determination of the question in controversy in the proceedings is likely to retard the

progress of the City's improvements.

8.    The amount of money as estimated by the City to be just compensation for the total real property taken, including all easements, is $59,105.00, which amount the City herewith deposits into the Registry of this Court for the use and benefit of the defendant.

9.    The appraisal upon which the City bases its deposits of estimated just compensation is an Appraisal Report prepared by Glen R. Carlson, Greg Batie Group, 213 W. Monroe Ave., Suite M, Lowell, AR 72745. A summary of said report showing the total damages is attached hereto as Exhibit "B" and made a part hereof.

10.    A drawing of all the property described herein is contained in Exhibit "C."

**WHEREFORE**, the plaintiff, the City of Berryville, Arkansas, prays that it be granted the following relief:

(A)    That the "PERMANENT STREET EASEMENT" described in Exhibit "A" across the property be condemned by Order of this Court, and that this easement be adjudged and vested in the City;

(B)    That the temporary construction easements across defendants' real property described in Exhibit "A" as the "TEMPORARY CONSTRUCTION EASEMENT DESCRIPTIONS" for the construction of said expansion and improvements be condemned by Order of this Court until completion of the improvements to that portion of the "West Freeman Street project";

(C)    That just compensation for the condemnation and taking of the Property be ascertained and awarded to the parties who are entitled thereto;

(D)    That this Court issue an Order conferring upon the City the immediate right of entry and possession of the real property in question requiring the immediate surrender and possession of said property to the City; and

(E)    That the City be granted such other and further relief to which it may be entitled.

CITY OF BERRYVILLE, ARKANSAS,
A Municipal Corporation, Plaintiff

BY:

Charles Scott Jackson
Attorney for City
104 Public Square
Berryville, AR 72616
Phone: (870) 423-2285
Ark. S. Ct. Reg. No. 89198

## AFFIDAVIT

State of Arkansas)
County of Carroll)

      TIM MCKINNEY, states under oath that he is the Mayor of the City of Berryville,

Arkansas, plaintiff in the above-captioned matter, and that the factual allegations contained in the

above and foregoing complaint at law with Attachments A, B and C are true and correct to the best

of his knowledge and belief.

      FURTHER AFFIANT SAYETH NOT.

                        TIM MCKINNEY, AFFIANT

## ACKNOWLEDGMENT

State of Arkansas)
County of Carroll)

      On this the 17th day of June, 2008, before me the undersigned officer, personally appeared TIM MCKINNEY, known to me or satisfactorily proven to be the persons whose name is subscribed to the within instrument and acknowledged that he had executed the same for the purposes therein contained.

      In witness whereof I hereunto set my hand and official seal.

                        NOTARY PUBLIC

My Commission Expires:

11-17-08

CHARLES SCOTT JACKSON
Notary Public-State of Arkansas
Carroll County
My Commission Expires 11-17-2008

EXHIBIT "A"

ATTACHEMENT
LEGAL DESCRIPTION:

PART OF THE NE1/4 AND PART OF THE SE1/4 OF THE NE1/4 OF
SECTION 25, T20N, R25W, ALSO PART OF THE NW FRL 1/4 OF
SECTION 30, T20N. R24W, DECRIBED AS COMMENCING AT THE
SOUTHWEST CORNER OF THE SAID NE1/4 OF THE NE1/4; THENCE
EAST 660 FEET TO THE POINT OF BEGINNING; THENCE S 00 DEG.
38'38" 37.37 FEET; THENCE S 89°26'12" E 956.24 FEET TO THE
RIGHT-OF-WAY OF U.S. HIGHWAY 62; THENCE N 23° 13'24"W 50.00
FEET ALONG HIGHWAY 62 RIGHT-OF-WAY; THENCE LEAVING SAID
RIGHT-OF-WAY N 89° 30'05" W 579.47 FEET; THENCE N 00° 37'
40"E  244.35 FEET; THENCE N 89° 20'22"W 356.46 FEET;
THENCE S 00° 38'41" W 252.68 FEET TO THE POINT OF
BEGINNING, AS DESCRIBED IN RECORD BOOK 126 PAGES 144-145 AT
THE CARROLL COUNTY COURTHOUSE (AND AS CORRECTED ON ATTACHED
EXHIBIT).

PERMANENT RIGHT-OF-WAY DESCRIPTION:

PART OF THE OVERALL PROPERTY DESCRIBED ABOVE, FROM THE
ABOVE-DESCRIBED POINT OF BEGINNING; THENCE 00° 38'38" W
37.37 FEET; THENCE 89° 26'13" E 788.82 FEET; THENCE 88°
06'11" W 473.39 FEET; THENCE 89° 12'31" W 60.21 FEET;
THENCE ALONG A CURVE, WITH RADIUS OF 345.00 FEET AND CHORD
BEARING & DISTANCE N 77°11'14"W 143.71 FEET; THENCE ALONG A
CURVE, WITH RADIUS OF 410.85 FEET AND CHORD BEARING &
DISTANCE N 73°31'11" W 140.42 FEET; THENCE S 00°38'21" W
37.12 FEET TO THE POINT OF BEGINNING, CONTAINING 0.305
ACRES, MORE OR LESS.

TEMPORARY CONSTRUCTION EASEMENT:

A 15-FOOT STRIP OF LAND PARALLEL-AND ADJACENT-TO THE ABOVE-
DESCRIBED PERMANENT RIGHT-OF-WAY.

## RECONCILIATION OF VALUE, AFTER THE TAKING

| | |
|---|---|
| Cost Approach: | $410,000 X 75% = $307,500 |
| Sales Comparison Approach: | $282,000 X 25% = $ 70,500 |
| Income Approach: | N/A |
| | $378,000 |

### Estimated Value, After the Taking: $378,000

As described in the description of the improvements, a paved parking lot with 37 parking spaces is currently located between the church and Freeman Avenue. As proposed by the City of Berryville, the City will be taking a portion of the south side of the parking lot, effectively eliminating 27 of the 37 parking spaces. Therefore, the cost to cure must be included in the damages.

The estimated cost to cure is predicated on the construction of the 27 spaces lost to the taking. My estimated cost has been formulated utilizing Marshal & Swift Commercial Cost Estimator, local contractors and engineers.

The estimated cost per space is estimated as follows;

| | |
|---|---|
| Engineering: | $100 |
| Grading: | $150 |
| Drainage: | $125 |
| Paving: | $600 |
| Striping: | $ 15 |
| Cost per Space: | $990 |

27 spaces X $990 per space = $26,730

Additionally, there will be turnaround and ingress and egress area required. With 27 parking spaces an estimated 800 square feet of additional paved space will be required. The per square foot price has again been estimated from Marshal & Swift Commercial Cost Estimator and local contractors and engineers.

800 SF X $4.00 = $3,200

$26,730
  3,200
$29,930

## DAMAGES TO THE REMAINDER

The final step in estimating the damages to the remainder is to correlate the estimated value prior to the taking with the estimated value of the subject after the taking plus any severance damages.

| | |
|---|---|
| Estimated Value, Prior to the Taking: | $420,000 |
| Estimated Value, After the Taking: | $378,000 |
| Total, Estimated Damages: | $ 42,000 |

| | | |
|---|---|---|
| Add; | Move Sign: | $  2,500 |
| | Cost to Cure (Severance Damages): | $ 29,930 |
| Total Damages: | | $ 74,430 |

### Round to: $75,000

Therefore, it is my opinion that the estimated damage to the remainder of the subject property, as herein defined, as of April 15, 2008 was:

**SEVENTY FIVE THOUSAND AND NO/100 DOLLARS**
**$75,000**

## Opinion of Value, 90 Day Marketing Time

The client has requested an estimated value with a marketing time of 90 days or less. My research of churches and church related buildings in the area that have sold within 90 days from the date of listing yielded no such sales. Sales of commercial property such as strip centers, retail store and office use having sold within 90 days are readily available. However, I do not consider them to be useful information when compared to a church, as the total prospective buyers of churches is very limited.

My personal opinion of a discount for marketing time of a church within 90 days is 50% of list. This has no factual basis, and is a personal opinion only based on my previous experience and knowledge of the subject area.


Respectfully submitted,


Glen R. Carlson, Appraisals by Greg Batie Group
State Certified General Appraiser
Arkansas License Number CG0938
Date: April 30, 2008



EXHIBIT

SCALE : 1" = 100 FEET

0   100   200

Exhibit "C"



CITY OF BERRYVILLE (AR)
STREET FUND
P.O. BOX 232
BERRYVILLE, AR 72616

6954

61-251/828

PAY TO THE
ORDER OF    Office of the Carroll County Circuit Clerk

DATE  June 19, 2008

$  75,000.00

Seventy-five Thousand and no/100 ************************************************************    DOLLARS

First National Bank & Trust
P.O. Box 9
Berryville, AR 72616

CITY OF BERRYVILLE

IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS
EASTERN DISTRICT/ CIVIL DIVISION

CITY OF BERRYVILLE, ARKANSAS,
A Municipal Corporation

PLAINTIFF



FILED
Ramona Wilson
JUN 19 2008
CIRCUIT CLERK
EASTERN DISTRICT
CARROLL COUNTY

VS.                          NO. CV 2008-120

LATTER DAY SAINTS
c/o LDS CHURCH TAX ADM                                DEFENDANT

## ORDER OF POSSESSION

Now on this 19 day of _____June_____, 2008, comes on to be heard the

verified Complaint at Law filed by the plaintiff, City of Berryville, Arkansas, a municipal

corporation, (the "City"), for an Order granting the immediate entry and possession of the real

property set forth and described in Exhibits A, B and C of the City's Complaint, which is made a

part hereof by reference. The Court specifically finds and decrees as follows:

1.      The lands in Carroll County, Arkansas, as set forth in Exhibits A, B  and  C

attached to the City's Complaint, and made a part thereof by reference, are needed by the public

for the construction and improvements of the "West Freeman Street project",  all within the

corporate limits of the City.

2.      The determination of the questions and controversy in this proceeding are likely

to retard the progress of this roadway improvement project.

3.      Upon the deposit of a sum of money designated and approved by the Court as

estimated just compensation for the lands taken to be deposited in the Registry of this Court and

pursuant to the terms of A.C.A. §18-15-303, et. seq., the City shall be entitled to have the right of

immediate entry and possession of the real property more specifically described in Exhibits A, B

and C of the Complaint, for the purposes described in the Complaint, said sum of to be deposited with the Registry of the Court for the use of the defendant is $ 75,000.00      .

   **IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED** by this Court that the City of Berryville, Arkansas shall have the right of immediate entry onto and possession of the real property more specifically described in Exhibits A, B  and C of the Complaint for the purposes set out in the Complaint, and the defendant is hereby required and directed to immediately surrender possession of said property to the City of Berryville, Arkansas.

   **IT IS SO ORDERED.**

_____
CIRCUIT JUDGE

No 20609

**CARROLL COUNTY CIRCUIT CLERK**
Eastern District
Carroll County, Ark.

Berryville, Ark. ........ 6-19- 2008

Received From ...City of Berryville........

Seventy - five Thousand & no/00............ Dollars

CV08-120, City of BV vs: Latter Day Saints....

Recording ...................................

Case No. .....................................

Adv. Cost $75,000.00...........................

Misc. ........................................

By .....Ramona Wilson